IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HERBERT LEE BUCKHANNON, JR., # 221337, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Civil Action No. 2:16cv168-WHA ) (WO) |
| WALTER MYERS, *et al.,* | ) ) |
| Respondents. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I.   INTRODUCTION**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1)[1] filed by Alabama inmate Herbert Lee Buckhannon, Jr. ("Buckhannon"), on February 29, 2016. Buckhannon challenges his 2008 guilty plea convictions entered in the Circuit Court of Elmore County. He argues that an "ongoing conflict of interest" existed between him and his trial counsel, that he was "constructively denied" the assistance of counsel during his guilty plea proceedings and sentencing, and that the State impeded him from creating a record on appeal from the denial of his Rule 32 petition. *See* Doc. No. 1 at 16–22.

The respondents maintain that Buckhannon's § 2254 petition is time-barred by the one-year federal limitation period. Doc. No. 7 at 7–14. The court agrees with the

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action. Page references are to those assigned by CM/ECF.

respondents and finds that Buckhannon's petition is untimely and should be denied without an evidentiary hearing.

## II. DISCUSSION

### *AEDPA's One-Year Limitation Period*

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for §2254 petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Buckhannon's State Court Proceedings

On May 28, 2008, Buckhannon pleaded guilty in the Elmore County Circuit Court to third-degree robbery, second-degree robbery, third-degree burglary, and second-degree receipt of stolen property. Doc. No. 7-1 at 14–16, 21–23 & 28–30. On June 24, 2008, the trial court sentenced Buckhannon to concurrent terms of 25 years' imprisonment for third-degree robbery, 15 years for burglary and receiving stolen property, and 25 years for second-degree robbery. *Id*. at 19–20 & 26–27. Buckhannon took no direct appeal.

On January 31, 2014, over five years after he was convicted and sentenced, Buckhannon filed a petition with the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. No. 7-2 at 6–32. On June 10, 2014, the trial court entered an order denying Buckhannon's Rule 32 petition. Doc. No. 7-2 at 55–56. Buckhannon appealed, and on February 6, 2015, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. Doc. No. 7-5. Buckhannon's application for rehearing was overruled, and on September 11, 2015, the Alabama Supreme Court denied his petition for writ of certiorari. Doc. No. 7-8.

### B.   Analysis of Timeliness of Buckhannon's § 2254 Petition

As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within a year of the date on which the petitioner's judgment of conviction becomes final either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Because Buckhannon filed no direct appeal, his conviction became final on August 5, 2008—42 days after his June 24, 2008 sentencing—because that was the date on which direct review could no longer be pursued. *See* Ala.R.App.P. 4(b)(1) (criminal defendants in Alabama must file notice of appeal within 42

days after sentencing); *Bridges v. Johnson,* 284 F.3d 1201, 1202 (11th Cir. 2002). Under § 2244(d)(1)(A), then, Buckhannon had until August 5, 2009, to file a § 2254 petition in this court, absent statutory or equitable tolling.

### 1. *Statutory Tolling*

Section 2244(d)(2) of AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). As indicated above, on January 31, 2014, Buckhannon filed a Rule 32 petition in the trial court challenging his convictions and sentence. However, that filing, and any subsequent related proceedings, did not toll AEDPA's limitation period under § 2244(d)(2), because the limitation period ran unabated for one year after August 5, 2008, before expiring on August 5, 2009. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.; see also, e.g., Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitation has expired, it does not toll the statute because no time remains to be tolled).

Nothing in Buckhannon's § 2254 petition supports running AEDPA's one-year limitation period from the dates in 28 U.S.C. § 2244(d)(1)(C) & (D). Buckhannon submits no ground for relief with a factual predicate not discoverable earlier through exercising due diligence, *see* § 2244(d)(1)(D), and he presents no claim resting on a "right [that] has been

4

newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* § 2244(d)(1)(C).

Citing §2244(d)(1)(B), Buckhannon claims that the State created an impediment that prevented him from filing a timely § 2254 petition. Doc. No. 9 at 2–4. He argues that, before he filed his Rule 32 petition in January 2014, the State failed to provide him with a transcript of his guilty plea hearing, allegedly preventing him from developing and supporting the claims in his Rule 32 petition.[2] *Id.* Buckhannon fails to show how his difficulties in obtaining the records in question hindered him from filing a timely § 2254 petition. Buckhannon filed his Rule 32 petition—for which he says he need his guilty plea transcript—over four years after AEDPA's limitation period expired. Not only is there no evidence that he sought to obtain the documents related to his guilty plea proceedings before AEDPA's limitation period expired in August 2009, but there is also no evidence that he sought to obtain such documents before expiration of the one-year limitation period in Ala.R.Crim.P. 32.2(c). Consequently, the start date of the limitation period allowed under § 2244(d)(1)(B) for an "impediment to filing an application [for writ of habeas corpus] created by State action" is not warranted in Buckhannon's case.

   2.   *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable

---

[2] Buckhannon did not appeal his guilty pleas and there was no official court reporter's transcript prepared, nor has any such transcript ever been available. *See* Doc. No. 7-4 at 3.

5

with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009).

Buckhannon suggests that his difficulty in obtaining a transcript of his guilty plea hearing warrants equitable tolling in this proceeding under § 2254. Again, however, Buckhannon fails to show how his difficulties in obtaining such records hindered him from filing a timely § 2254 petition. As indicated above, there is a complete absence of evidence that Buckhannon even sought to obtain documents related to his guilty plea proceedings before expiration of AEDPA's limitation period in August 2009. It appears that Buckhannon first sought such records in connection with the Rule 32 petition, which he filed in January 2014—long after AEDPA's limitation period had expired.

Moreover, Buckhannon participated in the proceedings from which his habeas claims arise. He therefore had either actual or constructive knowledge of the factual basis for each of his habeas claims and could have presented his claims to this court in a timely filed § 2254 petition without access to a transcript of his guilty plea hearing. Under these circumstances, Buckhannon needed nothing more "to proceed with filing a habeas corpus petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633–634 (7th Cir. 2002); *McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (where a petitioner has at least constructive knowledge of the factual basis for his claims there is no impediment to filing a federal habeas petition).

Furthermore, "there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition." *Leroy v. Giles*, 2014 WL 3652311, at *6 (M.D. Ala. July 23, 2014). *See Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (habeas corpus petition need not be pleaded with particularity, so citation to transcript unnecessary); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner not entitled to transcript before filing § 2254 petition); *Montgomery v. Meloy,* 90 F.3d 1200, 1203–04 (7th Cir.1996) (Petitioner in attendance at state court proceedings "knew or should have known what transpired. He was thus on notice that he should include [claims arising during such proceedings] in [a properly filed habeas petition]".). Accordingly, Buckhannon fails to set forth "extraordinary circumstances" that prevented filing a timely habeas petition. *See Lloyd*, 296 F.3d at 634 ("equitable tolling does not excuse [a petitioner's] late filing simply because he was unable to obtain a complete trial transcript before he filed his § 2254 petition"); *Donovan,* 276 F.3d at 93 (delay in obtaining transcript not a basis for equitable tolling of one-year limitation).

Finally, Buckhannon fails to demonstrate that he exercised reasonable diligence in pursuing his § 2254 petition prior to expiration of the limitation period as is "required for equitable tolling purposes." *Holland*, 560 U.S. at 653. Despite the lack of a transcript of his guilty plea hearing, Buckhannon could have filed a federal habeas action with this court prior to expiration of the one-year period of limitation. *See, e.g., Robinson v. Johnson*, 313 F.3d 128, 143 (3rd Cir. 2002) (court properly denied equitable tolling to petitioner based

7

on deprivation of legal materials where petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials").

Under the circumstances, AEDPA's one-year limitation period began to run on August 5, 2008, and expired on August 5, 2009. Buckhannon filed his § 2254 petition on February 29, 2016, and he has failed to demonstrate any entitlement to equitable tolling. Therefore, his petition should be dismissed as untimely.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation or before January 9, 2018. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE, this 26th day of December, 2017.

    /s/  Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE